UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ADVANTAGE FUTURES LLC, | ) | |
| | ) | |
| Plaintiff, | ) | 18 C 2567 |
| | ) | |
| vs. | ) | Judge Gary Feinerman |
| | ) | |
| ARON SEIDENFELD, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Advantage Futures LLC alleges in this diversity suit that Aron Seidenfeld failed to pay on demand a promissory note held by Advantage. Docs. 1, 8. After the court denied his Rule 12(b)(7) motion, Doc. 38, Seidenfeld answered and asserted two affirmative defenses, Doc. 46, which Advantage moved under Rule 12(f) to strike, Doc. 55. The court struck the laches affirmative defense with prejudice and the fraudulent inducement defense without prejudice. Doc. 70. Seidenfeld repleaded the fraudulent inducement affirmative defense, Doc. 92 at pp. 10-12, which Advantage again moves to strike, Doc. 100. The motion is granted.

**Background**

In resolving Advantage's Rule 12(f) motion, the court assumes the truth of the well-pleaded factual allegations in Seidenfeld's pleadings, though not their legal conclusions, and draws all reasonable inferences in Seidenfeld's favor. *See United States v. 416.81 Acres of Land*, 514 F.2d 627, 631 (7th Cir. 1975) (Clark, J.). The court must also consider "documents attached to [Seidenfeld's pleadings], documents that are critical to [those pleadings] and referred to in [them], and information that is subject to proper judicial notice," along with additional facts set forth in Seidenfeld's opposition brief, so long as those facts "are consistent with [his] pleadings."

*Phillips v. Prudential Ins. Co. of Am.*, 714 F.3d 1017, 1020 (7th Cir. 2013) (internal quotation marks omitted). The facts are set forth as favorably to Seidenfeld as those materials allow. *See Meade v. Moraine Valley Cmty. Coll.*, 770 F.3d 680, 682 (7th Cir. 2014). In setting forth the facts at this juncture, the court does not vouch for their accuracy. *See Goldberg v. United States*, 881 F.3d 529, 531 (7th Cir. 2018).

Advantage is a futures commission merchant registered with the Commodity Futures Trading Commission ("CFTC"). Doc. 92 at p. 2, ¶ 2. Non-party Seidenfeld Family LLC held a futures trading account with Advantage and agreed to pay Advantage for any deficit balance in the account. *Id*. at p. 3, ¶¶ 6-7. Seidenfeld signed a personal guarantee in which he "unconditionally guarantee[d] the prompt, full and complete payment of any and all obligations, damages, costs and expenses" owed by Seidenfeld Family LLC to Advantage. *Id*. at pp. 4-5, ¶ 9; Doc. 1-3. As of July 31, 2014, Seidenfeld Family LLC's account statement reflected that it had a negative balance of $2,117,963.07. Doc. 92 at p. 5, ¶ 10.

On February 2, 2017, Seidenfeld executed a promissory note ("Note") agreeing to pay Advantage $2,192,807.17 on demand. *Id*. at pp. 6-7, ¶¶ 14-15; Doc. 1-1. The Note stated:

> Seidenfeld … promises to pay to the order of ADVANTAGE FUTURES LLC ("Advantage") at Chicago, Illinois, the sum of TWO MILLION ONE HUNDRED NINETY TWO THOUSAND EIGHT HUNDRED SEVEN DOLLARS and SEVENTEEN CENTS ($2,192,807.17), on demand. The undersigned agrees that such principal amount ($2,192,807.17) will have interested added at the U.S Prime Rate per annum, in the event that such principal amount is not paid upon demand.
>
> …
>
> This Note shall be governed by the laws of the state of Illinois … .

Doc. 1-1. A $25,000 payment was made on the Note, but not by Seidenfeld, and that payment was "reimbursed by means of commission rebates." Doc. 92 at p. 7, ¶ 16. On February 22,

2018, Advantage demanded that Seidenfeld pay the remaining amount due on the Note, but Seidenfeld declined.  *Id*. at p. 7, ¶¶ 17-18.

Seidenfeld's fraudulent inducement affirmative defense alleges that he signed the Note in reliance on misrepresentations by Advantage.  *Id*. at p. 10, ¶¶ 1-3.  At a February 2, 2017 meeting, Advantage President Joseph Guinan, Jr., who described himself as Advantage's "final decision maker," told Seidenfeld that it was important for him to execute and deliver the Note and then to make an interest payment so that Advantage could "avoid … having to take a charge against [its] capital account."  *Id*. at pp. 10-11, ¶¶ 4-7.  Guinan also told Seidenfeld that if he executed and delivered the Note, any interest payments would be rebated and Advantage "would consider arrangements to advance credit to Seidenfeld Family, LLC to permit the account to trade," with the "profits" of such trading "split evenly between Seidenfeld Family, LLC and Advantage to permit the debit in the Seidenfeld Family account to be paid off."  *Id*. at p. 11, ¶¶ 8-10.

Advantage Chief Risk Officer William Steele had previously told Seidenfeld "that the payment of interest was only being requested to permit Advantage to avoid a charge against [its] capital account."  *Id*. at p. 11, ¶ 11.  Steele had also told Seidenfeld that Advantage could "ultimately apply [interest] payments to principal."  *Ibid*.  Having heard those earlier statements by Steele, Seidenfeld believed Guinan's representations at the February 2, 2017 meeting, including that interest payments would be rebated.  *Ibid*.  Seidenfeld accordingly executed and delivered the Note, and he "would never have [done so] but for the statements made by Mr. Guinan."  *Id*. at pp. 11-12, ¶¶ 11-12.

According to Seidenfeld, "Advantage never permitted Seidenfeld Family, LLC to resume trading under that arrangement" and did not "honor its agreement to apply interest payments to

principal or to rebate all interest payments." *Id*. at pp. 11-12, ¶ 12. Seidenfeld alleges that Advantage's representations "were merely a basis to induce [him] to [execute and] deliver the … Note." *Id*. at p. 12, ¶ 13.

## Discussion

Seidenfeld admits that he delivered the Note and did not pay on Advantage's demand, but alleges in his affirmative defense that Advantage fraudulently induced him to execute and deliver the Note. The Note is governed by Illinois law, Doc. 1-1, which recognizes fraudulent inducement as an affirmative defense. *See JPMorgan Chase Bank, N.A. v. Asia Pulp & Paper Co.*, 707 F.3d 853, 864 (7th Cir. 2013); *Jordan v. Knafel*, 880 N.E.2d 1061, 1069 (Ill. App. 2007) (Theis, J.). Advantage moves to strike that defense under Rule 12(f). "Affirmative defenses will be stricken only when they are insufficient on the face of the pleadings." *Heller Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1294 (7th Cir. 1989).

To assert fraudulent inducement as an affirmative defense, the defendant must allege that the plaintiff made a "representation [that] was: (1) one of material fact; (2) made for the purpose of inducing the [defendant] to act; (3) known to be false by the [plaintiff], or not actually believed by him on reasonable grounds to be true, but reasonably believed to be true by the [defendant]; and (4) … relied upon by the [defendant] to his detriment." *Jordan*, 880 N.E.2d at 1069; *see also Asia Pulp & Paper*, 707 F.3d at 864. As Seidenfeld acknowledges, Doc. 105 at 2, because his defense alleges that Advantage made misrepresentations regarding *future* action it would take concerning the Note and the Seidenfeld Family LLC account, the defense turns not on false representations of "existing or past fact," but on "promissory fraud—that is, a false statement of intent regarding future conduct." *Wigod v. Wells Fargo Bank, N.A.*, 673 F.3d 547, 570 (7th Cir. 2012) (internal quotation marks omitted).

4

Promissory fraud is "generally not actionable" in Illinois, either as a claim or an affirmative defense. *Ibid.*; *see also Asia Pulp & Paper*, 707 F.3d at 865. This general rule is subject to a "broad" exception holding that a party may assert promissory fraud by alleging "that the [false statement of future intent] was part of a scheme to defraud." *Wigod*, 673 F.3d at 570 (internal quotation marks omitted); *see also HPI Health Care Servs., Inc. v. Mt. Vernon Hosp., Inc.*, 545 N.E.2d 672, 682 (Ill. 1989). "To invoke the scheme exception, the [party] must allege … that, at the time the promise was made, the [promisor] did not intend to fulfill it." *Wigod*, 673 F.3d at 570. "Such [an allegation] would include a pattern of fraudulent statements, or one particularly egregious fraudulent statement." *Ibid.* (internal quotation marks and citations omitted).

Seidenfeld alleges that Advantage fraudulently induced him to execute and deliver the Note by falsely representing that, if he did so, Advantage would consider permitting Seidenfeld Family LLC to continue trading and would apply Seidenfeld's interest payments to the principal or rebate the payments. Doc. 92 at pp. 11-12, ¶ 12. Seidenfeld further alleges that Advantage falsely represented that it wanted him to execute and deliver the Note and pay interest only "to avoid … having to take a charge against [its] capital account." *Id.* at pp. 9-10, ¶ 7. This fraudulent inducement defense fails for two separate reasons.

First, Seidenfeld does not allege that Advantage did not intend to uphold its promises at the time it made them. Seidenfeld's defense therefore fails to satisfy the second element of fraudulent inducement, a false statement "known or believed to be false by the party making it." *Wigod*, 673 F.3d at 569; *see Ass'n Benefit Servs., Inc. v. Caremark Rx, Inc.*, 493 F.3d 841, 853 (7th Cir. 2007) ("Illinois law does not allow the plaintiff[] to proceed on a fraud claim when the evidence of intent to defraud consists of nothing more than unfulfilled promises and allegations

5

made in hindsight."); *Bower v. Jones*, 978 F.2d 1004, 1012 (7th Cir. 1992) ("Bower has failed to adduce any evidence demonstrating that the defendants never intended to keep their word."); *Abazari v. Rosalind Franklin Univ. of Med. & Sci.*, 40 N.E.3d 264, 270 (Ill. App. 2015) (holding that allegations of one allegedly false statement "do not state a claim of fraud" where "the plaintiff ha[d] not alleged several … necessary elements with respect to th[e] statement, such as that [the defendant] knew that the statement was false when it was made").

Second, Seidenfeld does not allege that any of Advantage's representations were, in fact, false. While his affirmative defense alleges that Advantage did not "honor its agreement to apply interest payments to principal or to rebate all interest payments," Doc. 92 at pp. 11-12, ¶ 12, his answer alleges that *he* did not pay interest and admits that the one interest payment that was made (by somebody else) was "reimbursed by means of commission rebates," *id*. at p. 7, ¶ 16. If Seidenfeld did not make any interest payments, and if the interest payment that was made was rebated, then Advantage's representation regarding such payments was not false. The same holds for Advantage's representation that it "would consider arrangements to advance credit to Seidenfeld Family, LLC to permit the account to trade," with any profits "split evenly between Seidenfeld Family, LLC and Advantage to permit the … Seidenfeld Family account to be paid off." *Id*. at p. 11, ¶¶ 9-10. The (alleged) fact that "Advantage never permitted Seidenfeld Family, LLC to resume trading," *id*. at p. 11, ¶ 12, is not inconsistent with Advantage's promise that it would *consider* allowing the LLC to resume trading. And nowhere does Seidenfeld allege that Advantage's representation that it needed Seidenfeld to execute and deliver the Note to avoid a charge against its capital account was false.

For each of these two reasons, Seidenfeld has failed to allege fraud in the inducement. It necessarily follows that his fraudulent inducement affirmative defense should be stricken.

**Conclusion**

Advantage's motion to strike is granted.  Given the substantial overlap between Seidenfeld's original and amended fraudulent inducement affirmative defenses, *compare* Doc. 46 at pp. 10-11, *with* Doc. 92 at pp. 10-12, Seidenfeld undoubtedly put forward his best effort in his amended affirmative defense.  Because Seidenfeld has already amended his defense and does not request leave to amend further or suggest how another amendment might cure the amended defense's defects, the amended defense is stricken with prejudice.  *See Haywood v. Massage Envy Franchising, LLC*, 887 F.3d 329, 335 (7th Cir. 2018) ("Nothing in Rule 15, nor in any of our cases, suggests that a district court must give leave to amend a complaint where a party does not request it or suggest to the court the ways in which it might cure the defects.  To the contrary, we have held that courts are within their discretion to dismiss with prejudice where a party does not make such a request or showing."); *Gonzalez-Koeneke v. West*, 791 F.3d 801, 808 (7th Cir. 2015) ("A district court acts within its discretion in … dismissing a complaint with prejudice … when the plaintiff fails to demonstrate how [an] amendment would cure the deficiencies in the prior complaint.").

January 17, 2020

United States District Judge